CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 2 6 2013

JULIA C. DUDLEY, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANTONIO LAMONT ALLISON, | ) |
| | ) |
| Plaintiff, | ) Case No.: 7:12-cv-00601-JCT |
| | ) |
| v. | ) MEMORANDUM OPINION |
| | ) |
| WALLENS RIDGE STATE PRISON, | ) |
| | ) By: Hon. James C. Turk |
| Defendant, | ) Senior United States District Judge |
| | ) |

Plaintiff Antonio Lamont Allison, proceeding pro se, filed a document titled as a "Motion for Injunction Relief" on December 7, 2012. ECF No. 1. By Order entered December 11, 2012, Magistrate Judge Ballou construed the pro se filing as a civil rights action pursuant to 42 U.S.C. § 1983, conditionally filed the Complaint, and directed plaintiff to comply with certain requirements, including providing certain financial information and a verified statement showing that he had exhausted his administrative remedies. ECF No. 2. Plaintiff has been granted leave to proceed in forma pauperis and has filed a consent to fee form allowing the full filing fee of $350.00 to be paid in partial payments. He has also submitted a verified statement indicating that he has exhausted his administrative remedies, ECF No. 7, although he explains (as he did in his initial filing) that he is unable to obtain copies of the grievance forms. Thus, it appears that Allison has adequately complied with the requests set forth in the order conditionally filing his Complaint.

I.      Motion for Injunctive Relief

Turning first to Allison's request for injunctive relief, the Court concludes that Allison is

not entitled to preliminary injunctive relief based on the current allegations in his Complaint.[1] As an initial matter, it is not clear to the Court what relief he seeks or what he wants the Court to order. For example, his Complaint asserts that he is "at harm of being attacked by other prisoners in the future," ECF No. 1 at 2, and that there is a "hit" on him. But it also indicates that at least as of the date it was filed, he was housed alone in a segregation unit for his own protection. See ECF No. 1 at 12 ("counselor are threaten to release me to general population").

Allison complains about being placed in segregation, id. at 3-4 (complaining he is in segregation due to no fault of his and he is not in segregation "just because I want to be") but also repeatedly claims that if he is released to the general population he will be harmed. Id. at 2, 4, 5, 6, 10, 11. Thus, the Court is unsure as to whether Allison is asking the Court to order that he be released to the general population, to order that he stay in segregation, or to order some other form of relief. See id. at 12 (he is going to be stabbed if he goes to the general population and if he doesn't go, he "will be given a charge," according to his counselor). In short, without a clear statement of the relief that is being sought, it is impossible for the Court to evaluate his claim.

Similarly, to the extent injunctive relief is sought in conjunction with his allegation that informal complaint forms are supposed to be available to him but are not, see ECF No. 1 at 9 (referencing the need for an injunction and then discussing the lack of forms), his allegation is belied by statements elsewhere in his Complaint. For example, he admits that he has been provided with informal grievance forms, id. at 3, and by his own admission, he has filed grievances and exhausted his remedies. See generally id.; ECF No. 7 (verified statement stating he has exhausted). Indeed, most of his Complaint, and especially pages 2-8, is devoted to a

---

[1] In addition to the reasons described in this Section as to why he is not entitled to injunctive relief, such a claim also fails because plaintiff has not named a proper defendant, for purposes of ordering injunctive relief or otherwise. See Section II infra.

lengthy summary of his attempts to grieve various issues, including dates and names of persons who responded to the grievances, and they include verbatim recitations of his grievances submitted. Thus, injunctive relief is not warranted pursuant to this allegation, either.

Moreover, because a preliminary injunction temporarily affords an extraordinary remedy prior to trial, the party seeking the preliminary injunction must demonstrate that: (1) "he is likely to succeed on the merits," (2) "he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in his favor," and (4) "an injunction is in the public interest." See Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 129 S. Ct. 365, 374 (2008). A showing of a "strong possibility" of harm is insufficient, because the standard requires a showing that harm is "likely." Id. Each of these four factors must be satisfied before interlocutory injunctive relief is warranted. Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 347 (4th Cir. 2009), vacated by, remanded by, cert. granted, 130 S. Ct. 2371 (2010), reaffirmed in part, remanded by, 607 F.3d 355 (4th Cir. 2010). Because the primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits, interlocutory injunctive relief which changes the status quo pending trial is limited to cases where "the exigencies of the situation demand such relief" and cannot be "availed of to secure a piecemeal trial." Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980).

Here, even if Allison had clearly stated the relief he is seeking, he has not satisfied the Winter standard. In particular, although Allison contends he is at danger of being harmed, he has not complained that he has actually suffered any attack or other harm at the hands of other prisoners in the months since he first filed his Complaint, and he does not state facts indicating how he could be harmed by other prisoners if he is kept in segregation. Nor does he allege that he is about to be released to the general population. In short, he has not shown a likely possibility

of harm. As Allison thus cannot satisfy at least one of the four necessary elements to warrant interlocutory injunctive relief under Winter, his motion for such relief must be denied. Real Truth, 575 F.3d at 347. An appropriate order will issue this day.

## II.     Amendment of Complaint

Allison's Complaint, as it is currently drafted, also fails to state a claim entitling him to relief because the only entity or person he names as a defendant is "Wallens Ridge State Prison." See ECF No. 1 at 1. To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). It is well settled that neither a state nor an entity considered to be an "arm" of the state cannot be sued under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."). Because Wallens Ridge State Prison is properly considered an arm of the Commonwealth of Virginia, this entity cannot be sued under § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 65-70 (1989); McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890 (E.D. Va. 1992).

Because plaintiff is proceeding pro se, however, the court will grant him twenty (20) days to submit an amended complaint that will supersede his original complaint. Any amended complaint that plaintiff submits should: (1) name individual officers as defendants,[2] (2) state specific conduct undertaken by each one in violation of Allison's constitutional rights, and (3)

---

[2] In his original Complaint, plaintiff alleges that he has sought, but been unable to obtain, the names of certain individual officers who he alleges have violated his individual rights. If he does not know an individual officer's name, he may identify the officer as John Doe No. 1 or John Doe No. 2 and should provide a description of the individual with as much identifying information as possible.

4

state the specific facts in support of each claim, including the injury that plaintiff suffered from the violation. Particularized facts in support of his claims may include the dates on which the defendants made comments calling plaintiff a "snitch" or other names, who was present when such comments were made, when the plaintiff told any specific defendant that he was in danger, the responses he received from prison officials when he informed them he was in danger, and how plaintiff was threatened or harmed by any act of any defendant. Plaintiff should also specify what relief he seeks in this action. **FAILURE TO AMEND SATISFACTORILY WITHIN TWENTY (20) DAYS MAY RESULT IN DISMISSAL OF THE ACTION WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM.**

The Clerk is directed to send a copy of this Memorandum Opinion and accompanying Order to the plaintiff.

ENTER: This 26th day of March, 2013.

/s/ James C. Turk
Hon. James C. Turk
Senior United States District Judge